# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## DALE ROBERTS CRAFTON v. JAMES FREDERICK ROBERTS

### Appeal from the Circuit Court for Shelby County
### No. CT00034307      Kay S. Robilio, Judge

---

## No. W2012-02603-COA-R3-CV - Filed October 9, 2013

---

Because the order appealed is not a final judgment, we dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

DAVID R. FARMER, J.,  HOLLY M. KIRBY, J. and J. STEVEN STAFFORD, J.

James Frederick Roberts, Memphis, Tennessee, Pro se.

Leslie G. Coleman and Jason Richard Ridenour, Memphis, Tennessee, for the appellee, Dale Roberts Crafton.

### MEMORANDUM OPINION[1]

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction.  Specifically, we could find nothing in the record reflecting that the trial

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

court adjudicated the following:

1. "Petition to Enjoin Father from Interfering with Babysitting Arrangements Made by Mother" filed by Appellee Dale Roberts Crafton on June 18, 2010;

2. "Petition for Scire Facias and Citation for Civil and Criminal Contempt" filed by Appellee Dale Roberts Crafton on July 9, 2010;

3. "Motion to Exclude Opinion of Expert" filed by Appellant James Frederick Roberts on June 29, 2011; and,

4. "Motion for Leave to File a Supplemental Complaint to Father's Counter Petition" filed by Appellant on June 13, 2012.

Moreover, both parties repeatedly asked for awards of attorney fees in the pleadings that they filed in the trial court, but the trial court did not address the issue of attorney's fees in any of the orders adjudicating this matter.

By Order entered on September 6, 2013, the Court noted the deficiencies set forth above and directed Appellant James Frederick Roberts to obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order. Also, we directed the trial court to transmit a certified, supplemental record to the Clerk of this Court within five (5) days of the entry of the trial court's order. Our Order of September 6, 2013, also provided that, in the event that Appellant did not obtain entry of a final judgment within the time provided therein, Appellant would have fifteen (15) days from the entry of the Order to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Finally, the Order stated "[f]ailure to respond to this order within the time provided herein could result in this appeal being dismissed without further notice."

On that same date, the Clerk of this Court transmitted a copy of our Order of September 6, 2013, to Appellant by certified mail, return receipt requested. The Clerk later received the return receipt indicating that Appellant received the mail parcel on September 7, 2013. As of this date, however, the Clerk of this Court has not received a supplement to the appellate record and Appellant has not otherwise responded to our Order of September 6, 2013.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final

orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed is not a final judgment and therefore, we must dismiss this appeal.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, James Frederick Roberts, for which execution may issue if necessary.

## PER CURIAM